**Jaime PEREZ, Petitioner–Appellant,**

**v.**

**W.E. PHILLIPS, Respondent–Appellee.**

**No. 05–1867–pr.**

United States Court of Appeals, Second Circuit.

Dec. 20, 2006.

Jane Kim, Cleary, Gottlieb, Steen & Hamilton, (Mitchell A. Lowenthal, Cleary, Gottlieb, Steen & Hamilton, Andrew Fine, David Crow, The Legal Aid Society, on the

brief), New York, NY, for Petitioner–Appellant.

David Rong, Assistant District Attorney for Bronx County (Robert T. Johnson, District Attorney for Bronx County, Joseph N. Ferdenzi, Assistant District Attorney for Bronx County, of counsel) Bronx, NY, for Respondent–Appellee.

Present: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Jaime Perez appeals from the district court's denial of his petition for a writ of habeas corpus. Perez asserts that the district court erred in its determination that the exclusion of certain evidence at Perez's trial—an error under New York state evidentiary law—was not of a constitutional magnitude. Habeas relief is available to remedy a state court's evidentiary error under state law "if the omitted evidence creates a reasonable doubt that did not otherwise exist." *Rosario v. Kuhlman*, 839 F.2d 918, 925 (2d Cir.1988) (emphasis removed) (quoting *United States v. Agurs*, 427 U.S. 97, 112, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)); *accord Hawkins v. Costello*, 460 F.3d 238, 244 (2d Cir.2006). However, we agree with the district court that the error in this case does not create reasonable doubt and thus was not error of constitutional magnitude.

The facts of Perez's state court case are carefully laid out in the district court's decision. *Perez v. Phillips*, No. 04 Civ. 3859, 2005 WL 517336 (S.D.N.Y. Mar. 4, 2005). Perez was charged in New York Supreme Court, Bronx County, with murder in the second degree, manslaughter in the second degree, and other related charges not relevant here. Perez made a statement following his arrest (videotaped and a part of the record before us) that

was offered against him during his bench trial. Perez indicated in his statement that "[the victim] charged at [Perez], who, with his gun in his right hand, then pushed [the victim] with both hands, intending to shove [the victim] in the opposite direction. As [Perez] pushed [the victim], the gun [Perez] had in his right hand accidentally fired." *Id.*, 2005 WL 517336, at *2. According to his statement, Perez then fled. After fleeing the scene of the shooting, Perez said he rendezvoused the friend who had given Perez the weapon he had just accidentally discharged, at which point the friend indicated to Perez that he (the friend) "shot the guy [the victim] four times from close range." *Id.* The friend's statement is consistent with testimony from a motorist waiting at a nearby stoplight who said he saw four young men chasing the victim, with the lead pursuer shooting at the back of the victim. However, the record indicates that the victim was killed by a single bullet that entered his body from the front.

The state trial court precluded as hearsay the portion of Perez's videotaped statement in which Perez recounted what his friend said about also shooting at the victim. While the statement was hearsay, its exclusion violated New York's "complete statement rule." *Id.*, 2005 WL 517336, at *3. Perez was acquitted of the intentional murder charge, but was convicted of manslaughter in the second degree—reckless manslaughter. On appeal, the Appellate Division acknowledged the trial court's state-law error, but concluded it was harmless. Perez sought leave to appeal to the New York Court of Appeals and was denied.

Petitioner filed a petition for a writ of habeas corpus in the District Court for the Eastern District of New York (Buchwald, *J.*). Noting that New York's rule of completeness "flows from New York law, not from the federal Constitution," Judge Bu-

chwald determined after her review of the record that petitioner had failed to establish that the omitted evidence created a "reasonable doubt that did not otherwise exist." *Perez,* 2005 WL 517336, at *5 (quoting *Agurs,* 427 U.S. at 112, 96 S.Ct. 2392).

On appeal Perez presses the same argument he put before the district court.[1] In our view the district court applied the correct standard[2] and came to the correct conclusion.

For Perez to prevail on his habeas petition, that is, a collateral review of a state-law evidentiary ruling, "he must establish that: (i) the trial court's improper evidentiary ruling was an error of constitutional magnitude; and (ii) the constitutional error was not harmless." *Id.,* 2005 WL 517336, at *4 (citing *Rosario,* 839 F.2d at 924; *Dey v. Scully,* 952 F.Supp. 957, 969–76 (E.D.N.Y.1997)). Whether the improper evidentiary ruling was an error of constitutional magnitude is itself a two-step analysis. That is, we examine "1) whether the exclusion was error under state law, and 2) whether the error amounted to the denial of the constitutional right to a fundamentally fair trial." *Dey,* 952 F.Supp. at 969.

As noted above, the Appellate Division found that the trial court's decision to exclude a portion of Perez's videotaped statement was a violation of New York's rule of completeness. *People v. Perez,* 299 A.D.2d 197, 197, 749 N.Y.S.2d 134 (1st Dept.2002). We agree with the Appellate Division and Judge Buchwald that there was a state-law evidentiary error. However, that the trial court erred by violating New York's rule of completeness "does not ... determine the outcome of" Perez's petition, because "[e]rroneous evidentiary rulings do not au-

tomatically rise to the level of constitutional error.... Rather, the writ would issue *only* where petitioner can show that the error deprived [him] of a *fundamentally fair* trial." *Taylor v. Curry,* 708 F.2d 886, 891 (2d Cir.1983) (citing *Chambers v. Mississippi,* 410 U.S. 284, 302–03, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973)); *see also Rosario,* 839 F.2d at 923; *Dey,* 952 F.Supp. at 971.

Whether a trial was rendered unfair by error (and therefore an error of constitutional magnitude) has been described as a situation where "the omitted evidence creates a reasonable doubt that did not otherwise exist." *Agurs,* 427 U.S. at 112, 96 S.Ct. 2392; *accord Hawkins,* 460 F.3d at 244; *Taylor,* 708 F.2d at 891. In other words, whether there is constitutional error depends on "whether the excluded evidence was *material* to the presentation of the defense." *Taylor,* 708 F.2d at 891. In order to determine whether the omission was material, "the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial." *Agurs,* 427 U.S. at 112–13, 96 S.Ct. 2392 (footnote omitted); *accord Taylor,* 708 F.2d at 891.

Perez contends that the improperly excluded evidence was material to the presentation of the defense and that when viewed in the context of the entire trial record it would have created reasonable doubt that did not otherwise exist. We agree that the excluded evidence was clearly *relevant* to Perez's defense, but given the specific meaning that "material" carries in the context of our analysis, we must refrain from calling something "material" until we have determined whether

---

1. Perez is represented on appeal by able pro bono counsel who should be commended for clearly and competently presenting the issues for review.

2. The legal standard generally applicable to review under AEDPA was recently set forth in *Hawkins v. Costello,* 460 F.3d 238, 242–44 (2d Cir.2006).

or not the omitted evidence creates a reasonable doubt that does not otherwise exist (the first step in *Rosario* once a state-law evidentiary error has been established). That is, excluded evidence is not sufficiently "material" in this context unless its inclusion creates a previously non-existent reasonable doubt. Further, clearing the "materiality" hurdle is not as easy as the term suggests. Indeed, in the context of information not disclosed to the defendant, the Supreme Court and this Court have said that "materiality exists 'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Gambino*, 59 F.3d 353, 365 (2d Cir.1995) (quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)).

That materiality is a high hurdle is even more apparent when juxtaposed with the standard for harmless error. Perez makes this observation in his brief, as did Judge Block in his well-reasoned *Dey* opinion.[3] Harmless error requires only that the error have contributed to the verdict, or have had a substantial and injurious effect or influence in determining the jury's verdict, whereas "materiality" sufficient to implicate the federal constitution requires a finding that reasonable doubt has been created and therefore the petitioner has been denied a fair trial. The district court in this case applied the appropriate materiality standard and agreed that "the omitted evidence does not create the requisite doubt." *Perez*, 2005 WL 517336, at *5.

Viewing the entire record in light of *Agurs/Rosario* leads us to the same con-clusion reached by Judge Buchwald: The admission of Perez's hearsay statement would not "create[ ] a reasonable doubt [regarding Perez's guilt] that did not otherwise exist." *Agurs*, 427 U.S. at 112, 96 S.Ct. 2392. We therefore deny Perez's petition—the omission of the hearsay statement was not an error of constitutional magnitude.

Accordingly, for the reasons set forth above, the judgment of the District Court denying Perez's petition for habeas corpus is hereby AFFIRMED.

---

**3.** As Judge Block wrote: "Harmless error analysis is simply inapplicable to error that only attains constitutional significance when considered in the context of the entire trial because such analysis inheres in the initial finding that the error was constitutionally sig-nificant. A determination that such error was not harmless, after having already concluded that it denied the defendant a fundamentally fair trial, would be tautological." *Dey*, 952 F.Supp. at 974.